Henry Epsteist, J.
Plaintiff corporation sues to compel defendant corporation to transfer on its books to the name of plaintiff a stock certificate for 1511 shares of capital stock of defendant and to deliver to plaintiff a new certificate for said shares in due and proper form. The added prayer for damages of $10,000 was withdrawn at the opening of the trial.
Substantial loans were made by plaintiff to Eastern Operators, Inc., a New York corporation in which Harry Siskind had a substantial interest. Siskind was president of defendant corporation and personally guaranteed the repayment of the loans. To persuade plaintiff to make the loans, which had been several times refused, Siskind assigned his shares of stock in defendant corporation as security for such loans. “ Eastern ” defaulted and plaintiff recovered a judgment against “Eastern” and Harry Siskind in the Supreme Court, Westchester County, for $36,741.83. Thereafter, on May 4, 1956, plaintiff held a sale of Siskind’s stock, assigned under an agreement of April 21, 1955. This was on due notice to Siskind, his attorney and defendant corporation. No bids were made or received and *999 plaintiff bought the stock. Then plaintiff through its attorney in fact and president, Maitland Brenhouse, offered the stock to defendant for transfer and reissue to plaintiff. Defendant corporation refused, alleging a stockholders’ agreement of March 15, 1949 restricting transfer of shares without first offering them to the remaining stockholders for purchase. Siskind testified that he told Brenhouse of the restriction and that a typewritten notation of said restriction was clipped by a paper clip to the certificate when delivered to plaintiff. Brenhouse categorically denied this.
The certificate of stock in question contains no such restriction on its face, nor is there any mark thereon to support Sisldnd’s testimony. The purported restriction on the typewritten slip reads: ‘ ‘ All stock certificates issued by the corporation shall be marked on the face thereof ‘ sale, transfer, pledge, etc. of this stock is restricted by the terms of a Stockholders Agreement dated 26 day of January, 1950 ’, which may be examined at the office of the corporation No. 203 E. 18th Street, New York, N. Y. No dividend shall be paid on any shares transferred, pledged, assigned or encumbered in violation of this agreement.”
This testimony and the exhibit were obviously designed to avoid the interdict of the statute — section 176 of the Personal Property Law: “ There shall be no lien in favor of a corporation upon the shares represented by a certificate issued by such corporation and there shall be no restriction upon the transfer of shares so represented by virtue of any by-law of such corporation, or otherwise, unless the right of the corporation to such lien or the restriction is stated upon the certificate.’’ (Emphasis supplied.)
There was testimony that the original shares of defendant corporation had been issued with a notation written thereon indicating the restriction contained in the stockholders’ agreement of January 26, 1950. Two such certificates were offered in evidence. The witness Loewinger, secretary-treasurer of defendant, thought his certificate also contained the said notation on the face of his stock. He did not produce his certificate. It is clear that Siskind’s certificate had no such notation inscribed on it. This court is convinced that both Siskind and Loewinger lied. Siskind never notified defendant corporation of his assignment of stock to plaintiff and on two subsequent occasions he participated in stockholders’ meetings wherein stock bonus was voted in proportion to the interests of each stockholder. The net effect of these meetings and the action taken was to reduce the value and effect of the stock assigned *1000 to plaintiff. These actions were in this court’s opinion taken in utter had faith.
The clear weight of the credible evidence favors plaintiff. The provisions of section 176 of the Personal Property Law were not met and therefore no lien or restriction can be attached to the stock in question. Any other conclusion would open wide the door to all kinds of frauds in derogation of section 176 of the Personal Property Law (Peets v. Manhasset Civil Engineers, 4 Misc 2d 683; Allen v. Biltmore Tissue Corp., 1 A D 2d 599). It is also clear that the stockholders’ agreement applicable to the holdings of two former shareholders had no applicability to plaintiff’s shares and was injected in this action and trial solely to obscure the issue and protect the fraud sought to be perpetrated on plaintiff. Judgment may be entered declaring plaintiff to be the rightful owner of the shares in question and directing defendant corporation to transfer said shares on its books and to deliver to plaintiff a new certificate in proper form. Costs to plaintiff.